**Ismael GENAO, Petitioner–Appellant,**

v.

**Craig APKER and Louis W. Winn, Jr., Respondents–Appellees.**

**No. 12–16985.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 23, 2013.

Ismael Genao, Tucson, AZ, pro se.

Gerald S. Frank, Assistant U.S., Ustu-Office of the U.S. Attorney, Tucson, AZ, for Respondents–Appellees.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

MEMORANDUM **

Ismael Genao appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition challenging two prison disciplinary actions that resulted in the loss of good time credits. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a section 2241 petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir.2008), and we affirm.

Genao contends that defendants improperly created the offense of "tampering with

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a security device," for which he was disciplined. This contention fails because at the time Genao committed the offense, this conduct was prohibited under 28 C.F.R. § 541.13 (2010). Moreover, the record indicates that Genao received sufficient information about the factual basis for the charge "to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Genao also challenges the prison disciplinary finding that he engaged in a sexual act. He contends that the hearing officer engaged in improper vouching and was biased. The record reflects that the hearing officer made reasonable credibility determinations and does not support Genao's claim of bias. Genao received all process that was due. *See id.* at 563–71, 94 S.Ct. 2963.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.